United States District Court
District of Massachusetts

| | |
|---|---|
| **Auctus Fund, LLC,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**MJ Biotech, Inc.,** )<br>)<br>Defendant. )<br>)<br>)<br>) | Civil Action No.<br>20-11331-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of the purported breach by defendant MJ Biotech, Inc. ("MJ Biotech" or "defendant") of two securities purchase agreements ("SPAs") and associated convertible promissory notes ("the Notes"). Plaintiff Auctus Fund, LLC ("Auctus Fund" or "plaintiff"), a serial filer in this district, holds the Notes and has filed this lawsuit to recover from MJ Biotech the unpaid principal thereunder.[1] Pending before the Court is Auctus Fund's motion for a default judgment seeking compensatory and "punitive" damages, attorneys' fees, costs and

---

[1] Auctus Fund has filed approximately 30 lawsuits in this district against various corporations, alleging in each case that the subject defendant corporation(s), inter alia, breached certain securities purchase agreements and defaulted on associated convertible promissory notes, committed fraud and violated M.G.L. c. 93A, §§ 2 and 11.

injunctive relief. For the reasons that follow, that motion will be allowed, in part, and denied, in part.

I. **Procedural History**

In July, 2020, Auctus Fund filed a nine-count complaint against MJ Biotech, alleging: violations of federal securities law (Count I); violations of Massachusetts securities law (Count II); breach of contract (Count III); breach of implied covenant of good faith and fair dealing (Count IV); unjust enrichment (Count V); breach of fiduciary duty (Count VI); fraud and deceit (Count VII); negligent misrepresentation (Count VIII) and violations of Massachusetts Consumer Protection Act, M.G.L. c. 93A, §§ 2 & 11 ("Chapter 93A") (Count IX). The claims arise out of 1) two separate transactions whereby Auctus Fund loaned MJ Biotech a total of nearly $100,000 in exchange for the Notes that are convertible into MJ Biotech common stock and 2) defendant's delay in filing its reports with the U.S. Securities and Exchange Commission ("the SEC").

MJ Biotech has been served with the complaint but has yet to appear in the case. Thus, on plaintiff's motion, this Court entered a notice of default in October, 2020, and Auctus Fund now moves for a default judgment pursuant to Fed. R. Civ. P. 55. As relief therefor, Auctus Fund requests that the Court award it compensatory damages in the amount of $700,735.33, "punitive" damages under Chapter 93A in the amount of $1,401,470.66 and a

permanent injunction compelling conversion of the debt to Auctus Fund into publicly tradable shares of MJ Biotech's common stock, together with costs and attorneys' fees to be determined at a later date.

## II. Discussion

### A. Legal Standard

As set forth in Fed. R. Civ. P. 55(a), default judgment may enter "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend". A court may enter such a judgment pursuant to Rule 55(b) without a hearing if it

> has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object.

In re The Home Rests., Inc., 285 F.3d 111, 114 (1st Cir. 2002).

Before entering that judgment, a court may independently examine the complaint to determine whether plaintiff has stated a claim for relief that is actionable as a matter of law and "plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); SEC v. Esposito, 260 F. Supp. 3d 79, 84 (D. Mass. 2017) (internal quotation marks and citation omitted). Only allegations which "support a viable cause of action will establish the defendant's liability". Id.

The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367 because plaintiff brings a claim under federal securities law to which the other claims are related.

**B. Application**

Having reviewed the complaint and the supporting affidavits, exhibits and other pleadings filed herein, the Court is satisfied that Auctus Fund has stated claims for breach of contract and of the implied covenant of good faith and fair dealing. Actus Fund contends that it invested funds in MJ Biotech for which it has not been repaid in accordance with the terms of the SPAs and the Notes. See Shaulis v. Nordstrom, Inc., 120 F. Supp. 3d 40, 54 (D. Mass. 2015) (stating claim for breach of contract requires showing 1) a valid contract, 2) a breach thereof by defendant which 3) caused plaintiff damage); Latson v. Plaza Home Mortg., Inc., 708 F.3d 324, 326 (1st Cir. 2013) (explaining that the covenant of good faith and fair dealing is implied in every contract and requires showing that defendant's actions had the "effect of destroying or injuring [plaintiff's right] to receive the fruits of the contract").

With respect to the other counts, however, the Court is underwhelmed. Rather than stating claims for unjust enrichment, securities and common-law fraud, negligent misrepresentation, breach of fiduciary duty and Chapter 93A violation, the factual allegations merely "suggest that Auctus lent money to a high-

risk business, that then failed". See Auctus Fund, LLC v. First Columbia Gold Corp., No. 17-cv-10543-ADB, 2019 WL 1316736, at *2 (D. Mass. Mar. 21, 2019).

First, plaintiff has an adequate remedy at law and, therefore, its claim for unjust enrichment cannot stand. See Shaulis v. Nordstrom, Inc., 865 F.3d 1, 16 (1st Cir. 2017). Second, the complaint makes only conclusory allegations of scienter which fail to support claims for fraud pursuant to Fed. R. Civ. P. 9(b) and 15 U.S.C. § 78u-4(b)(2). See Lenartz v. Am. Superconductor Corp., 879 F. Supp. 2d 167, 180 (D. Mass. 2012); ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 56 (1st Cir. 2008). Thus, default should not enter as to Counts I, II, V and VII. See Auctus Fund, LLC v. Optec International, Inc., No. 19-cv-11751-PBS, Dkt. No. 30 (D. Mass. Dec. 5, 2019); Auctus Fund, LLC v. Petrone Worldwide, Inc., No. 17-cv-12335-DJC, Dkt. No. 53 (D. Mass. Oct. 3, 2019).

As for the alleged misstatements, nothing in the complaint specifies how the information shared by MJ Biotech was false. See Logan Equipment Corp. v. Simon Aerials, Inc., 736 F. Supp. 1188, 1199 (D. Mass. 1990) (stating a claim for negligent misrepresentation requires alleging, inter alia, a "false representation of material fact[s] . . ." (internal citation omitted)). Nor does it show that a fiduciary relationship was formed between the parties. See First Columbia, 2019 WL 1316736,

at *2; see also FAMM Steel, Inc. v. Sovereign Bank, 571 F.3d 93, 102 ("[T]he relationship between a lender and a borrower, without more, does not establish a fiduciary relationship."). Default judgment is, therefore, unwarranted with respect to Counts VI and VIII.

Finally, the non-conclusory factual allegations in the complaint fall short of asserting unfair or deceptive business practices sufficient to support a Chapter 93A claim. See Framingham Auto Sales, Inc. v. Workers' Credit Union, 671 N.E.2d 963, 965 (Mass. App. Ct. 1996) ("[M]ere breach of a legal obligation under commercial law, without more, does not amount to an unfair or deceptive act under [M.]G.L. c. 93A."); Madan v. Royal Indem. Co., 532 N.E.2d 1214, 1217 (Mass. App. Ct. 1989) ("[M]ere breach of a contract, without more, does not amount to a c. 93A violaion"). That MJ Biotech failed to file its reports with the SEC on a timely basis, without more, does not amount to a violation of Chapter 93A. Cf. Zotbelle, Inc. v. Kryolan Corp., 416 F. Supp. 3d 33, 54 (D. Mass. 2019) (failing to comply with FTC regulations governing requisite disclosures does not constitute a per se violation of Chapter 93A). Accordingly, the Court will enter default judgment only as to Counts III and IV.

## III. Damages

Turning to damages, to the extent Auctus Fund seeks "punitive" damages, which this Court construes as a request for

double or treble damages as set forth in Chapter 93A, the requested relief will be denied. See M.G.L. c. 93A, § 9(3A) (permitting multiple damages in certain circumstances). Not only does the complaint lack sufficient detail to allege a Chapter 93A claim plausibly, it also fails to show that MJ Biotech engaged in the level of "rascality" or "immoral, unethical, oppressive or unscrupulous" behavior necessary to support an award of multiple damages under the statute. See Damon v. Sun Co., Inc. 87 F.3d 1467, 1484 (1st Cir. 1996) (quoting PMP Assocs., Inc. v. Globe Newspaper Col, 321 N.E.2d 915, 917 (Mass. 1975)).

Auctus Fund also, however, seeks contract damages, consisting of the remaining unpaid principal on the Notes and accrued interest, which the Court will award. It is well-settled that a default judgment can be entered without a hearing when, as here,

> arriving at the judgment amount involves nothing more than arithmetic—the making of computations which may be figured from the record.

HMG Prop. Inv'rs, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 919 (1st Cir. 1988).

In this case, the amount at issue is ascertainable from the SPAs, the Notes, the affidavits and the exhibits proffered by Auctus Fund. Specifically, those submissions demonstrate that, as of November 23, 2020, defendant MJ Biotech owes Auctus Fund

$700,735.33, with a portion of that amount accruing interest at a contractual rate of twenty-four (24%) percent per annum.[2] Those documents also establish plaintiff's entitlement to reasonable attorneys' fees and costs as the "prevailing party" under the subject SPAs and Notes, in amounts to be submitted by Auctus Fund forthwith, along with the amount of interest which has accrued between November, 2020 and this date.

Finally, with respect to the requested equitable relief, the Court declines to enter a permanent injunction compelling MJ Biotech to convert the outstanding debt into publicly tradeable shares of its common stock because the pecuniary award is, at least, adequately compensatory. See First Columbia, 2019 WL 1316736, at *3 (finding the same). Moreover, this Session is concerned, as were other Sessions of this Court when ruling on similar requests, that the proposed injunction

> lacks clarity, presents administrative difficulties and seeks to bind parties that are not before the Court.

Id.; see also Auctus Fund, LLC v. Sunstock, Inc., 405 F. Supp. 3d 218, 234 (D. Mass. 2019) (quoting First Columbia).

---

[2] Because plaintiff's claims are uncontested, the Court declines to address the issue of whether Nevada or Massachusetts law governs the interest/fee provisions of the subject contract but if it were the latter, the applicable interest rate would be usurious. See M.G.L. c. 271, § 49.

**ORDER**

For the foregoing reasons, plaintiff's motion for default judgment (Docket No. 12) is **ALLOWED,** in part, and **DENIED,** in part.

Judgment shall enter as to Counts III and IV in the amount of $700,735.33, with a portion of that accruing interest at a contractual rate of twenty-four (24%) percent per annum, plus attorneys' fees and costs in amounts to be proposed and justified by plaintiff forthwith.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 18, 2021